IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN

BARRY LEE CRESPO,                                )
                                                 )
                                                 )          3:20-CV-00101-CRE
             Plaintiff,                          )
                                                 )
     vs.                                         )
                                                 )
MASORTI & SULLIVAN, P.C., PHILIP M.              )
MASORTI, LANCE MARSHALL,                         )
                                                 )
                                                 )
             Defendants,                         )

**MEMORANDUM OPINION[1]**

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated *pro se* in this court on May 29, 2020, by Plaintiff Barry Lee

Crespo.  Plaintiff claims the attorneys who represented him at his criminal trial, Defendants Lance

Marshall, Philip Masorti, and the law firm of Masorti & Sullivan, P.C., ("Masorti Defendants")

did so in violation of his rights under the Sixth Amendment of the United States Constitution

pursuant to 42 U.S.C. § 1983.[2] *See* Compl. (ECF No. 6). This court has subject matter jurisdiction

over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court are motions to set aside default judgments filed by all Defendants

pursuant to Federal Rule of Civil Procedure 55(c). (ECF Nos. 23, 35).  For the reasons that follow,

this Court grants both motions.

I.      **BACKGROUND**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a
United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a
final judgment.  (ECF Nos. 10, 32-33).

[2] Plaintiff also sets forth a claim for breach of contract.

According to Plaintiff, he entered into an agreement with Defendants to represent him as defense counsel with respect to criminal charges that were filed against him in Bedford County, Pennsylvania at docket number 343 of 2008, related to his sexual assault of a minor.  Attorney Masorti entered his appearance on behalf of Crespo on September 10, 2008.  On March 13, 2009, Plaintiff was convicted by a jury of numerous charges at this docket number.  Crespo was subsequently sentenced to serve 20 to 40 years in prison.[3]

On June 27, 2020, Plaintiff filed a complaint against Defendants wherein he claimed that his rights under the Sixth Amendment to the United States Constitution were violated and that Defendants breached an agreement by because "no defense was afforded to the Plaintiff." Compl. (ECF No. 6) at ¶ 7.  Due to issues related to service of Defendants, on December 3, 2020, this Court entered an order directing the United States Marshal to send to Defendants by certified mail a copy of the Complaint, a Summons, and a copy of the Court's order. (ECF No. 13).  The United States Marshal complied, and on December 8, 2020, those documents were mailed as ordered. (ECF No. 14).  Defendant Marshall signed a receipt for this mailing on January 8, 2021.[4]  (ECF No. 15).  The Masorti Defendants were served on January 26, 2021.[5] *Id.*

Because Defendants did not respond to the Complaint in a timely fashion, and Plaintiff had taken no further action, on March 17, 2021, this Court issued a rule to show cause on Plaintiff to demonstrate why this case should not be dismissed for failure to prosecute. (ECF No. 16).  Thus, on March 26, 2021, Plaintiff filed a request for entry of default judgments on Defendants. (ECF

---

[3] Plaintiff's judgment of sentence was affirmed by the Superior Court of Pennsylvania in 2010. *See Commonwealth v. Crespo*, 6 A.3d 574 (Pa. Super. 2010).

[4] His answer was due on January 29, 2021.

[5] Their answer was due on February 16, 2021.

No. 17). The Clerk of Courts entered default judgments that day. (ECF No. 18). On March 29, 2021, this Court entered an order for Plaintiff to file a motion for default judgment pursuant to Fed. Rule. Civ. Pro. 55(b). (ECF No. 19). Plaintiff filed that motion on April 8, 2021. (ECF No. 22).

On April 9, 2021, the Masorti Defendants filed a motion to set aside default judgment pursuant to Fed. Rule Civ. Pro. 55(c).[6] (ECF No. 23). On May 14, 2021, Defendant Marshall filed a motion to set aside default judgment pursuant to Fed. Rule Civ. Pro. 55(c).[7] (ECF No. 23). Plaintiff filed responses to these motions. (ECF Nos. 28, 38). Defendant Marshall filed a Reply. (ECF No. 40). Both motions are now ripe for disposition.

## II.     STANDARD OF REVIEW

Rule 55(c) of the Federal Rules of Civil Procedure provides that this Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). A district court maintains

> broad discretion in deciding whether to set aside a default judgment. In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Thus, motions to set aside default judgments are construed in favor of the movant.

---

[6] On March 31, 2021, the Masorti Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Fed. Rule Civ. Pro. 12. (ECF No. 20). This Court entered an order holding that motion in abeyance until such time the default judgment is set aside. (ECF No. 21).

[7] On April 14, 2021, Defendant Marshall filed a motion to dismiss Plaintiff's complaint pursuant to Fed. Rule Civ. Pro. 12. (ECF No. 25). This Court entered an order holding that motion in abeyance until such time the default judgment is set aside. (ECF No. 26).

*Ewing & Kreiser, P.C. v. Stephens*, 2009 WL 1183347, at \*1 (E.D. Pa. May 1, 2009) (quoting *Blue Ribbon Commodity Traders, Inc. v. Progresso Cash & Carry*, 2008 WL 2909360, at \*1 (E.D.Pa. July 23, 2008)) (some internal citations omitted).

The Third Circuit has explained that a district court must balance four factors in determining whether to set aside or vacate a default judgment: "1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

## III.    DISCUSSION

### A.  *The Masorti Defendants*

This Court first considers the motion to set aside default judgment filed by the Masorti Defendants.  The Masorti Defendants first contend that service was improper, which they argue is adequate in and of itself to set aside the default judgment.   Specifically, they argue that "[u]nbeknownst to the Masorti Defendants, some individual signed the name of Defendant Philip Masorti." Defs.' Br. (ECF No. 23) at 6.  According to the Masorti Defendants, "[i]t was only by happenstance that [they] learned of this action, after a third party mentioned it to [Masorti] in March, 2021." *Id*.

"Rule 60(b)(4) requires a court to relieve a party from a final judgment if the judgment is void. A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant." *Myers v. Moore*, 2014 WL 7271348, at \*3 (E.D. Pa. 2014) (internal quotation marks omitted). "It is well settled that [p]roper service of process is [ ] a prerequisite to personal jurisdiction." *Id*. (internal quotation marks omitted); *see also Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when

there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").

Generally speaking, "the party asserting the validity of service bears the burden of proof on that

issue." *Mortg. Elec. Registration Sys., Inc. ("MERS") v. Patock*, 2009 WL 1421295, *3 (D.V.I.

May 20, 2009). "A signed return of service generally serves as *prima facie* evidence giving rise

to a presumption of valid service." *Id.* "The presumption of valid service may be rebutted if the

defendant demonstrates that service was not received." *Id.*

A review of the docket reveals that the U.S. Marshal sent the summons via certified mail

to an address in State College, Pennsylvania. The return receipt indicates that on January 26, 2021,

an individual residing at 419 Loop Road, Boalsburg, PA 16827, signed for the certified mail.

Process Receipt (ECF No. 15) at 2. It is the Masorti Defendants' position that they do not know

who signed the certified mail receipt.[8]  Based on the foregoing, this Court concludes that the

Masorti Defendants have successfully rebutted the presumption that service was proper. Service

was made on an address that is not listed on the record and to an individual who cannot be

identified. Accordingly, the default judgment is void, and therefore it is proper for this Court to

set aside the default judgment.[9]

*B. Defendant Marshall*

Defendant Marshall contends that this Court should set aside the default judgment entered

against him because there is no prejudice to Plaintiff and the fact that Defendants have a

---

[8] Both the signature and the printed words on the receipt are illegible.

[9] Even if service were proper, for the reasons discussed *infra* with respect to Defendant Marshall,
this Court would conclude that the remaining factors favor setting aside the default judgment.

meritorious defense.[10]  In considering this argument, this Court weighs each of the factors set forth

*supra*.

### i.  Prejudice to Plaintiff

The first factor to consider is whether a plaintiff has suffered prejudice.  A plaintiff bears

the burden of establishing that he or she would be prejudiced by the setting aside of the default

judgment by "demonstrating that [the] claim would be materially impaired because of the loss of

evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default,

or other substantial factors." *Sunoco, Inc. (R & M) v. Glob. Recycling & Demolition, LLC*, 300

F.R.D. 253, 256 (E.D. Pa. 2014) (internal quotation marks omitted).  "Delays in Plaintiff's

potential recovery or potential expenses incurred from litigating the matter on the merits do not

constitute the kind of prejudice the Court should consider in deciding whether to set aside an entry

of default." *Id*.

In this case, Plaintiff has not asserted he would be prejudiced in any way by the setting

aside of this default judgment. *See* Pl.'s Br. (ECF Nos. 28, 38).   Accordingly, this Court concludes

that this factor weighs in favor of Defendant Marshall. *See Sunoco, Inc.*, 300 F.R.D. at 256.

### ii.  Meritorious Defenses

This Court now considers whether a defendant has "alleged facts that could constitute

meritorious defenses" to the plaintiff's cause of action. *Sunoco, Inc.*, 300 F.R.D. at 256-57.  Courts

have held that this is the most important factor to consider. "The showing of a meritorious defense

is accomplished when allegations of defendant's answer, if established on trial, would constitute a

complete defense to the action." *Id*. at 257 (internal quotation marks omitted).

---

[10] Defendant Marshall relies upon the reasons set forth in the motion filed by the Masorti Defendants. *See* Marshall's Motion (ECF No. 35).

With respect to the § 1983 claim, Defendant Marshall argues that "the relief sought by Plaintiff's civil rights claim is not relief that is cognizable under § 1983 because [] Defendants were not acting under color of state law and ineffective assistance of counsel is not actionable under § 1983." Defs.' Br. (ECF No. 23) at 8.

It is well-settled that "attorneys are not subject to § 1983 claims on the basis that they are officers of the court. This is true whether they are private attorneys or public defenders." *Rushing v. Pennsylvania*, 637 F. App'x 55, 57 (3d Cir. 2016). Thus, any § 1983 claims asserted against Defendants in their capacity as Plaintiff's defense attorneys cannot stand. Accordingly, Defendant Marshall has a meritorious defense to Plaintiff's § 1983 claim.

With respect to the breach of contract claim, Defendant Marshall argues that that the statute of limitations has run "as approximately twelve years have passed since the events which give rise to the alleged claims." Defs.' Br. (ECF No. 23) at 8. "Pennsylvania imposes a two (2) year statute of limitations on tortious conduct, including legal malpractice claims and a four (4) year statute of limitations for breach of contract claims." *In re Olick*, 565 B.R. 767, 791 (Bankr. E.D. Pa. 2017). "Pennsylvania favors strict application of statutes of limitations." *Id.* "In a legal malpractice case, the trigger for the accrual of a legal malpractice action, for statute of limitations purposes, is not the realization of actual loss, but the occurrence of a breach of duty. This principle is referred to as the occurrence rule." *Id.* (internal quotation marks omitted).

According to Plaintiff, "absolutely no defense was afforded to Plaintiff causing prejudice of his case and his wrongful conviction and incarceration." Compl. (ECF No. 6) at ¶ 7. Plaintiff's trial and conviction occurred in 2009. Plaintiff filed the instant lawsuit in 2020, eleven years after the events giving rise to these claims occurred, which is well outside either a two-year or four-year

statute of limitations. Accordingly, Defendant Marshall has asserted a meritorious defense to Plaintiff's breach of contract claim.

Based on the foregoing, Defendant Marshall has demonstrated meritorious defenses to both claims set forth in Plaintiff's Complaint. Accordingly, this factor weighs in favor of Defendant Marshall.

### iii. *Culpable Conduct*

This Court now consider Defendant Marshall's degree of culpability with respect to the delay. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Instantly, the record is clear that Defendant Marshall was personally served by certified mail on January 8, 2021. (ECF No. 15). Defendant Marshall did not make contact with this Court until May 2021. (ECF No. 30). Defendant Marshall offers no explanation for this delay.[11] *See* Marshall's Br. (ECF No. 35). Accordingly, this factor weighs in favor of Plaintiff.

This Court has weighed the aforementioned factors and concludes that two of the factors weigh heavily in favor of Defendant Marshall. Defendant Marshall has meritorious and complete defenses to both claims, and Plaintiff has not asserted how he has been prejudiced by any delay. Accordingly, this Court concludes that it is proper to set aside the default judgment entered against Defendant Marshall, and therefore his motion is granted.

### IV. CONCLUSION

Based on the foregoing, the motions to set aside default judgment filed by Defendants are granted. Appropriate Orders follow

---

[11] This factor is distinguishable from the Masorti Defendants, where, as discussed *supra*, service appears to have been improper.

Dated: June 22, 2021                    .                    BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge


cc:     Barry Lee Crespo
        *via U.S. mail*

        Counsel of record
        *via electronic filing*