IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN

| | |
|---|---|
| BARRY LEE CRESPO,<br><br>            Plaintiff,<br><br>vs.<br><br>MASORTI & SULLIVAN, P.C., PHILIP M. MASORTI, LANCE MARSHALL,<br><br>            Defendants, | 3:20-CV-00101-CRE |

**<u>MEMORANDUM OPINION</u>[1]**

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated *pro se* in this court on May 29, 2020, by Plaintiff Barry Lee Crespo. Plaintiff claims the attorneys who represented him at his criminal trial, Defendants Lance Marshall, Philip Masorti, and the law firm of Masorti & Sullivan, P.C., ("Masorti Defendants") did so in violation of his rights under the Sixth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.[2] *See* Compl. (ECF No. 6). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court are motions to dismiss by all Defendants pursuant to Federal Rule of Civil Procedure 12. (ECF Nos. 20, 25). For the reasons that follow, this Court grants both motions and dismisses this case with prejudice.

I. **BACKGROUND**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 10, 32-33).

[2] Plaintiff also sets forth a claim for breach of contract.

1

According to Plaintiff, he entered into an agreement with Defendants to represent him as defense counsel with respect to criminal charges that were filed against him in Bedford County, Pennsylvania at docket number 343 of 2008, related to his sexual assault of a minor. Attorney Masorti entered his appearance on behalf of Crespo on September 10, 2008. On March 13, 2009, Plaintiff was convicted by a jury of numerous charges at this docket number. Crespo was subsequently sentenced to serve 20 to 40 years in prison.[3]

On June 27, 2020, Plaintiff filed a complaint against Defendants wherein he claimed that his rights under 42 U.S.C. § 1983 and the Sixth Amendment to the United States Constitution were violated and that Defendants breached an agreement by because "no defense was afforded to the Plaintiff." Compl. (ECF No. 6) at ¶ 7. Due to issues related to service of Defendants, on December 3, 2020, this Court entered an order directing the United States Marshal to send to Defendants by certified mail a copy of the Complaint, a Summons, and a copy of the Court's order. (ECF No. 13). The United States Marshal complied, and on December 8, 2020, those documents were mailed

---

[3] Plaintiff's judgment of sentence was affirmed by the Superior Court of Pennsylvania in 2010. *See Commonwealth v. Crespo*, 6 A.3d 574 (Pa. Super. 2010). Plaintiff did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, but did seek relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, by the filing of a timely PCRA petition on January 20, 2011. The PCRA court denied relief, and Plaintiff filed a notice of appeal to the Pennsylvania Superior Court. On August 28, 2013, the Superior Court affirmed the order of the PCRA court, and on March 24, 2014, the Pennsylvania Supreme Court denied Plaintiff's petition for allowance of appeal. *Commonwealth v. Crespo*, 83 A.3d 1079 (Pa. Super. 2013), *appeal denied*, 87 A.3d 814 (Pa. 2014). Plaintiff again sought PCRA relief, and on October 9, 2014, the PCRA court dismissed that petition. Plaintiff filed a notice of appeal to the Pennsylvania Superior Court, which affirmed the order of the PCRA court. *Commonwealth v. Crespo*, 122 A.3d 1144 (Pa. Super. 2015). Meanwhile, Plaintiff also sought *habeas corpus* relief in the Western District of Pennsylvania by filing a petition on September 16, 2014. The undersigned filed a Report and Recommendation recommending that the petition be dismissed, and that recommendation was adopted by the District Court on March 1, 2017. *Crespo v. Higgins*, 2016 WL 8377537 (W.D. Pa. 2016), adopted by, 2017 WL 819495 (W.D.Pa. 2017). On June 29, 2017, the Third Circuit denied a certificate of appealability. *Crespo v. Higgins*, 2017 WL 4216573 (W.D.Pa. 2017).

as ordered. (ECF No. 14).  Defendant Marshall signed a receipt for this mailing on January 8, 2021.[4]  (ECF No. 15).  The Masorti Defendants were served on January 26, 2021.[5] *Id*.

Because Defendants did not respond to the Complaint in a timely fashion, and Plaintiff had taken no further action, on March 17, 2021, this Court issued a rule to show cause on Plaintiff to demonstrate why this case should not be dismissed for failure to prosecute. (ECF No. 16).  Thus, on March 26, 2021, Plaintiff filed a request for entry of default judgments on Defendants. (ECF No. 17).  The Clerk of Courts entered default judgments that day. (ECF No. 18).  On March 29, 2021, this Court entered an order for Plaintiff to file a motion for default judgment pursuant to Fed. Rule. Civ. Pro. 55(b). (ECF No. 19).  Plaintiff filed that motion on April 8, 2021. (ECF No. 22).

On April 9, 2021, the Masorti Defendants filed a motion to set aside default judgment pursuant to Fed. Rule Civ. Pro. 55(c).[6] (ECF No. 23).  On May 14, 2021, Defendant Marshall filed a motion to set aside default judgment pursuant to Fed. Rule Civ. Pro. 55(c).[7] (ECF No. 23).  On June 22, 2021, this Court entered a Memorandum Opinion and Order granting the motions by Defendants to set aside the default judgments.  Thus, the previously filed motions to dismiss became ripe for review, and on September 21, 2021, Plaintiff filed a response to those motions. (ECF No. 51).  Both motions are now ripe for disposition.

---

[4] His answer was due on January 29, 2021.

[5] Their answer was due on February 16, 2021.

[6] On March 31, 2021, the Masorti Defendants filed the instant motion to dismiss Plaintiff's complaint pursuant to Fed. Rule Civ. Pro. 12. (ECF No. 20).  This Court entered an order holding that motion in abeyance until such time the default judgment is set aside. (ECF No. 21).

[7] On April 14, 2021, Defendant Marshall filed the instant motion to dismiss Plaintiff's complaint pursuant to Fed. Rule Civ. Pro. 12. (ECF No. 25).  This Court entered an order holding that motion in abeyance until such time the default judgment is set aside. (ECF No. 26).

## II.     STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

4

document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a Section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Furthermore, "when a complaint is subject to dismissal under Rule 12(b)(6), the court should permit a curative amendment." *Thompson v. Police Dep't of Philadelphia*, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011). "However, we need not provide a plaintiff with leave to amend if amendment would be inequitable or futile." *Id*. "Where a claim is frivolous, amendment is necessarily futile and, thus, leave to amend is not warranted. A claim is frivolous when it lacks an arguable basis in either law or in fact." *Id*. (internal citation and quotation marks omitted).

## III.     DISCUSSION

Defendants contend that the complaint against them should be dismissed pursuant to Fed. Rule Civ. Pro. 12(b)(6) for two reasons. First, Defendants contend that, as privately-hired defense attorneys, they cannot be held liable for a Section 1983 violation, because they were not acting under the color of law. Second, Defendants contend that any breach of contract or legal

malpractice claim should be dismissed because the statute of limitations has run. *See* Masorti Br. (ECF No. 20) at 2; Marshall Br. (ECF No. 25) at 2.

It is well-settled that "attorneys are not subject to § 1983 claims on the basis that they are officers of the court. This is true whether they are private attorneys or public defenders." *Rushing v. Pennsylvania*, 637 F. App'x 55, 57 (3d Cir. 2016). Thus, Plaintiff cannot prevail on his claim that Defendants are liable pursuant to a § 1983 claim, and this claim can be dismissed with prejudice.

With respect to the breach of contract claim, Defendants contend the statute of limitations has run. "Pennsylvania imposes a two (2) year statute of limitations on tortious conduct, including legal malpractice claims and a four (4) year statute of limitations for breach of contract claims." *In re Olick*, 565 B.R. 767, 791 (Bankr. E.D. Pa. 2017). "Pennsylvania favors strict application of statutes of limitations." *Id*. "In a legal malpractice case, the trigger for the accrual of a legal malpractice action, for statute of limitations purposes, is not the realization of actual loss, but the occurrence of a breach of duty. This principle is referred to as the occurrence rule." *Id*. (internal quotation marks omitted).

According to Plaintiff, "absolutely no defense was afforded to Plaintiff causing prejudice of his case and his wrongful conviction and incarceration."[8] Compl. (ECF No. 6) at ¶ 7. Plaintiff's trial and conviction occurred in 2009. Plaintiff filed the instant lawsuit in 2020, eleven years after the events giving rise to these claims occurred, which is well outside either a two-year or four-year statute of limitations. Accordingly, Plaintiff cannot prevail on his breach of contract/legal

---

[8] *See also* Pl.'s Br. (ECF No. 51) at 4-6 (arguing that the 2009 notes of testimony from the trial reveal that Defendants presented no evidence on Plaintiff's behalf at the criminal trial).

malpractice claim.[9]  Furthermore, this Court concludes that amendment of Plaintiff's complaint would be futile, and therefore Plaintiff's complaint against Defendants is dismissed with prejudice.

### IV.  CONCLUSION

Based on the foregoing, the motions to dismiss filed by Defendants are granted. Appropriate Orders follow.

Dated: October 27, 2021.                    .                    BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge

cc:    Barry Lee Crespo

*via U.S. mail*

Counsel of record

*via electronic filing*

---

[9] Moreover, as discussed *supra*, despite numerous efforts to do so, Plaintiff has not yet been able to overturn his criminal convictions.  It is well-settled that "a plaintiff cannot prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies **and** obtained relief which was dependent upon attorney error." *Telesford v. Sturm*, 2004 WL 2757868, at *3 (E.D. Pa. 2004) (emphasis added).  Additionally, even if this Court were not to dismiss the breach of contract/legal malpractice claim on the basis of the statute of limitations, this Court would decline to exercise jurisdiction over this state-law claim. *See Edwards v. Hillman*, 849 F. App'x 23, 26 (3d Cir. 2021) ("A court may [dismiss state law claims] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").